UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

MAHESH KOLLI                                              JURY TRIAL DEMANDED

v.                                                                      CASE NO.  3:14 cv

ROBERT A. PACELLI, JR
COUNTY MANAGEMENT SERVICES, LLC
COUNTRY WALK CONDOMINIUM ASSOCIATION, INC

## COMPLAINT

1. This is an action pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 *et seq.* the Connecticut Creditor's Collection Practices Act, §36a-647 *et seq.* and other applicable common law or statutory law.

2. This Court has jurisdiction. 15 U.S.C. §1692k and 28 U.S.C. §1331 and 1367.

3. Plaintiff is a natural person and a consumer within the FDCPA, who resides in Connecticut.

4. Defendant Pacelli is a debt collector within the meaning of the FDCPA who regularly sends collection letters seeking to collect debts for condominium associations.

5. Defendant County Management is the management company for Country Walk Condominium Association, Inc. where plaintiff resides.

6. Plaintiff regularly paid his personal condo charges through his bank's automated payment service.

7. In 2014, defendant County Management became the new servicer for Country Walk.

8. County Management began mismanaging plaintiff's timely automated payments, and others',  with the intent or effect of maximizing income due to late fees and charges, and

ultimately foreclosing on plaintiff's and others' units.

9. On October 21, 2014, defendants sent a letter to plaintiff which added some $532 in fees which were not permitted by contract or statute, or had not been incurred, and included $40 of late charges arising from County's mismanagement of plaintiff's payments.

10. The October 21, 2014 letter did not provide the notices mandated by the FDCPA, 15 U.S.C. §1692g. <u>Bicking v. Law Offices of Rubenstein and Cogan,</u> 783 F. Supp. 2d 841, 844-45 (E.D. Va. 2011)

11. Defendant Pacelli disclosed plaintiff's alleged debt to third parties by sending a copy thereof to his mortgage company.

12. Defendants' addition of legal fees or unauthorized charges to the account balance violated 15 U.S.C. § §1692f(1); Reg. Conn State Agencies §§36a-647-5(7), -6(2); Conn. Gen. Stat. §47-258(g); Conn. Gen. Stat. §42-150aa; or common law.

13. Despite a timely dispute letter pointing out that any late payments were due to the mismanagement of the new servicer, defendants continued to demand "immediate attention" and refused payments.

14. Plaintiff suffered anxiety and distress about losing his condominium; embarrassment and humiliation by reason of defendants' notice to his mortgagee; and oppression by reason of defendants' bullying tactics to force him to pay penalties on amounts he had already paid.

WHEREFORE plaintiff respectfully requests this Court to:

1. Award plaintiff such damages as are permitted by law, both compensatory and punitive, including $1,000 statutory damages under the statute respectively applicable to each defendant.

2. Award the plaintiff costs of suit and a reasonable attorney's fee;

3.  Award declaratory and injunctive relief and such other and further relief as law or equity may provide.

                                THE PLAINTIFF

                                BY__/s/ Joanne S. Faulkner___
                                JOANNE S. FAULKNER ct04137
                                123 AVON STREET
                                NEW HAVEN, CT 06511-2422
                                (203) 772-0395
                                faulknerlawoffice@snet.net